UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID CARMICHAEL,**<br><br>　　　　Petitioner,<br><br>　　　v.<br><br>**UNITED STATES PAROLE COMMISSION et al.,**<br><br>　　　　Respondents. | Case No. 14-cv-01165 (CRC) |

## **MEMORANDUM OPINION**

Petitioner David Carmichael is serving a twelve-year sentence in Maryland state prison for armed robbery. He was arrested for that crime in 2011 while on parole from two District of Columbia Superior Court sentences in the early 1990s. When the U.S. Parole Commission ("USPC") learned of his arrest and detention, it served him in prison with a "warrant/detainer" for a parole violation. Carmichael has petitioned for a writ of mandamus against the Parole Commission and his present warden to force them to hold a parole revocation hearing. Because the warrant has not been executed, however, Carmichael is not entitled to a hearing. The Court will therefore grant the respondents' motion to dismiss Carmichael's petition.

I.　　**Background**

The Superior Court of the District of Columbia sentenced Carmichael in May 1991 to five to fifteen years' imprisonment and in April 1992 to fifty-five years' imprisonment. See Alleged Violation(s) Report (ECF No. 16-2, at 12–14).[1]

---

[1] The cited page numbers are those assigned by the electronic case filing system.

Carmichael was released to almost 35 years of parole supervision in May 2010. Certificate of Parole (ECF No. 16-2, at 9–11). In May 2011, Carmichael was arrested in Baltimore County, Maryland, and detained at the Baltimore County Detention Center. He pled guilty in December 2011 to armed robbery and was sentenced to twelve years' imprisonment. Case Information (ECF No. 16-2, at 27, 28–29). He is currently serving that sentence at the Maryland State Prison in Hagerstown, Maryland.

While in detention in Baltimore County, Carmichael "was served with a warrant/detainer from the [USPC]" for a parole violation.[2] Pet. for a Writ of Mandamus at 2 (ECF No. 1). Pursuant to the instructions to the U.S. Marshal, who is the process server for federal entities, the warrant was not executed. Rather, the USPC Case Analyst requested that the U.S. Marshall "[p]lace a detainer and notify the Commission." Sept. 1, 2011 Mem. (ECF No. 16-2, at 22). In September 2014, the USPC, following a review of the detainer, ordered: "Let the Detainer Stand." Not. of Action (ECF No. 16-2, at 39).

Carmichael has filed a petition for a writ of mandamus, seeking a hearing where the USPC would have to decide whether to revoke his parole. Carmichael grounds the request in 28 C.F.R. § 2.215(f), which provides for a hearing no more than 90 days after a parolee is taken into custody on a warrant for a supervised release

---

[2] The USPC was given authority over District of Columbia offenders in August 1997 when Congress enacted the National Capital Revitalization and Self–Government Improvement Act, Pub.L. No. 105–33, § 11231 111 Stat. 712, 734–37 (codified at D.C. Code §§ 24–101 et seq. (2001 & Supp. 2005)). See D.C. Code § 24-131 (abolishing the D.C. Board of Parole and conferring jurisdiction in the USPC "to grant and deny parole, . . . impose conditions upon an order of parole, . . . [and] to revoke parole and to modify the conditions of parole"). "Despite the effective repeal of [the USPC's enacting] statute in 1984, Congress has consistently extended the time period that the chapter remains in effect," Owens v. Gaines, 219 F. Supp. 2d 94, 99 (D.D.C. 2002), the latest being until 2018, "thirty-one years after Nov. 1, 1987," Pub.L. No. 98-473, Title II, § 235.

violation. Carmichael claims that the existence of the unexecuted warrant and detainer is "affecting his eligibility for rehabilitative programs while in prison on the other offenses." Pet. for a Writ of Mandamus at 3.

## II. Legal Standards

### A. Motion to Dismiss

Dismissal is warranted if the allegations in Carmichael's petition do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In order to survive the USPC's motion to dismiss, Carmichael must have alleged facts that would entitle him to the requested relief. See Stokes v. Cross, 327 F.3d 1210, 1215 (D.C. Cir. 2003). Although the Court must accept the facts pled as true, legal allegations devoid of factual support are not entitled to this assumption. See Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

### B. Mandamus Relief

A writ of mandamus is an extraordinary remedy available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus may be granted only if '(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff.'" Thomas v. Holder, 750 F.3d 899, 903 (D.C. Cir. 2014) (quoting Council of & for the Blind of Del. Cnty. Valley, Inc. v. Regan, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc)). Carmichael bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." In

re Cheney, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted).  "[I]t is well settled that a writ of mandamus is not available to compel discretionary acts." Cox v. Sec'y of Labor, 739 F. Supp. 28, 30 (D.D.C. 1990) (collecting cases).

**III.      Analysis**

A parolee facing revocation of his conditional release is accorded due process protections.  Morrissey v. Brewer, 408 U.S. 471, 484–89 (1972).  The question Carmichael's petition poses is *when* those protections begin.  The Supreme Court has squarely foreclosed his request for an immediate parole revocation hearing.  In Moody v. Daggett, the Supreme Court addressed an analogous request by a prisoner confined on murder and manslaughter offenses he committed while on parole for rape.  429 U.S. 78, 80 (1976).  The Supreme Court made clear that "the loss of liberty as a parole violator does not occur until the parolee is taken into custody under the [violator] warrant."  Id. at 87.  Because Moody was in prison for the subsequent crimes, not for a parole violation, he had no right to an immediate hearing to test the grounds for finding a parole violation.  Id. at 86.  Carmichael's loss of liberty likewise is due to his Maryland state convictions.  Until the warrant is executed and he is in custody as a potential parole violator, neither due process, id. at 87, nor the USPC regulations, 28 C.F.R. § 2.215(f), require the USPC to make a prompt determination whether he violated his supervised release.  He is therefore not entitled to a writ of mandamus.

Moreover, the USPC has satisfied its obligations regarding Carmichael's detainer by reviewing it in accordance with 18 U.S.C. § 4214(b)(1).  USPC is required to review a lodged detainer "within one hundred and eighty days of notification . . . of placement," id., and it may "(A) let the detainer stand; or (B) withdraw the detainer,"

4

id. § 4214(b)(3).  When the USPC does not conduct the review "[t]he appropriate remedy . . . is a writ of mandamus to compel the Commission's compliance with the statute."  Sutherland v. McCall, 709 F.2d 730, 732 (D.C. Cir. 1983) (emphasis omitted).  USPC's review of Carmichael's detainer—albeit well beyond the 180-day statutory window—leaves the Court with nothing left to consider.  See Davis v. United States Parole Comm'n, 47 F. Supp. 3d 64, 67–68 (D.D.C. 2014) ("Now that the Commission has initiated the procedures called for by [Section 4214(b)(1)], no basis exists for issuing a writ to compel the same action.").

## CONCLUSION

For the foregoing reasons, the Court concludes that no grounds exist for issuing a writ of mandamus.  Accordingly, this case will be dismissed.  A separate order accompanies this Memorandum Opinion.

_____s/_____
CHRISTOPHER R. COOPER
DATE: June 17, 2015                                     United States District Judge